¶ 28. This Court is limited in its review of church disputes, as the separation of church and state is a basic constitutional provision which should not be taken lightly. This Court may not determine issues of ecclesiastical matters or doctrinal interpretation, but must resolve church property disputes as it would for any other parties, using "neutral principles of law, developed for use in all property disputes. . . ." PresbyterianChurch in the U.S. v. Mary Elizabeth Blue Hull MemorialPresbyterian Church , 393 U.S. 440, 449 (1969). The majority places undue emphasis on the Book of Discipline of the hierarchal Christian Methodist Episcopal Church ("the CME") in deciding this civil, real property issue. For that reason, I respectfully dissent.
¶ 29. The Chancellor found that the property in dispute was bought and built upon by the Cross Roads congregation and that it was held in trust for the "Cross Roads Colored Methodist Episcopal Church." The trustees of the Cross Roads Church were, at all times prior to this dispute, members of the local congregation. Despite the congregation's apparent membership in the larger, hierarchal CME, the property was never deeded to the CME. Therefore, title remained in the Cross Roads congregation through its trustees. It does not matter that the Cross Roads Church was once a member of the CME or that the CME had adopted a Book of Discipline that required all church property to be deeded to or held in trust for the CME. Under recognized property law, since the CME was never deeded the property, title remains vested in the local congregation. To hold otherwise is to give the CME some higher power to rewrite property law by simply declaring in church doctrine that it owns certain property or that the property is held in trust for its benefit. State law may not be modified by such ecclesiastical doctrines. Therefore, I respectfully dissent.
SULLIVAN, P.J., AND MILLS, J., JOIN THIS OPINION. *Page 678